IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| TICOR TITLE INSURANCE COMPANY f/k/a<br>AMERICAN PIONEER TITLE INSURANCE<br>COMPANY<br>6305 Ivy Lane, Suite 408<br>Greenbelt, MD 20770 | *<br><br>*<br><br>* | Civil Case No. _____ |
| Plaintiff, | * | |
| v. | * | |
| FISERV LENDING SOLUTIONS f/k/a<br>GENERAL AMERICAN CORPORATION a/k/a<br>FISERV SOLUTIONS, INC.<br>255 FiServ Drive<br>Brookfield, WI 53045-5815 | *<br><br>*<br><br>* | |
| Serve On: FiServ Lending Solutions<br>        11 E. Chase Street<br>        Baltimore, MD 21202 | *<br><br>* | |
| and | * | |
| FISERV FULFILLMENT SERVICES, INC. f/k/a<br>GENERAL AMERICAN CORPORATION<br>700 5th Avenue<br>Pittsburgh, PA 15219 | *<br><br>*<br><br>* | |
| Serve on: Ira H. Gordon<br>        700 5th Avenue<br>        Pittsburgh, PA 15219 | *<br><br>*<br><br>* | |
| and | * | |
| FISERV FULFILLMENT SERVICES OF<br>MARYLAND, INC. f/k/a GENERAL AMERICAN<br>CORPORATION<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | *<br><br>*<br><br>* | |
| Serve on: CSC-Lawyers Incorporating Service Co.<br>        7 St. Paul Street, Suite 1660<br>        Baltimore, MD 21202 | *<br><br>* | |

```
Defendants.                                    *

*     *     *     *     *     *     *     *     *     *     *     *
```

## COMPLAINT

Plaintiff Ticor Title Insurance Company f/k/a American Pioneer Title Insurance Company ("Ticor"), by its undersigned counsel, hereby files this Complaint against FiServ Lending Solutions f/k/a General American Corporation a/k/a FiServ Solutions, Inc., FiServ Fulfillment Services, Inc. f/k/a General American Corporation and FiServ Fulfillment Services of Maryland, Inc. f/k/a General American Corporation (collectively, "FiServ") seeking money damages and other appropriate relief. In support hereof, Ticor states:

### PARTIES, JURISDICTION AND VENUE

1. Ticor is a title insurance company incorporated in the State of Nebraska and licensed to do business in the State of Maryland.

2. Upon information and belief, FiServ Lending Solutions f/k/a General American Corporation is a company incorporated in the State of Wisconsin licensed to do business in the State of Maryland. FiServ is a settlement agent for Ticor in connection with real estate transactions.

3. Upon information and belief, FiServ Fulfillment Services, Inc. f/k/a General American Corporation is a company incorporated in the State of Pennsylvania licensed to do business in the State of Maryland. FiServ is a settlement agent for Ticor in connection with real estate transactions.

4. Upon information and belief, FiServ Fulfillment Services of Maryland, Inc. f/k/a General American Corporation is a corporation incorporated in the State of Maryland. FiServ is a settlement agent for Ticor in connection with real estate transactions.

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), there being complete diversity of citizenship of the parties and in excess of $75,000 in controversy, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to this claim occurred in this district and because FiServ conducts business in this district.

## GENERAL ALLEGATIONS

### The Agency Agreement

7. Pursuant to the terms of an Issuing Agency Contract and amendments, Fiserv is an agent for Ticor for the purpose of issuing title insurance commitments, policies and endorsements in numerous States across the country, including Maryland (the "Agency Agreement"). A true and correct copy of the Agency Agreement as amended is attached hereto as EXHIBIT 1 and incorporated by reference herein.

8. Pursuant to the terms of the Agency Agreement, Fiserv is required to, among other things, disburse funds in connection with transactions involving Ticor's title insurance only for the purposes for which these funds were entrusted. *See* Agency Agreement at Section 3(F).

9. Upon information and belief, pursuant to the terms of the Agency Agreement, FiServ established an escrow account to fund real estate transactions.

10. Under the Agency Agreement, Fiserv shall be responsible to Ticor for all loss, cost or damage, including attorneys' fees caused by, among other things:

> (D) Any improper closing or attempted closing by [FiServ], including, but not limited to, (1) loss or misappropriation of customer funds, documents or other things of value entrusted to Agent in any custodial or fiduciary capacity resulting in loss to [Ticor]; (2) failure to disburse property or close in accordance with escrow or closing instructions....

*See* Agency Agreement at Section 6(D).

## The Sullivan/Hameed Closing

11. On or about November 10, 2004, John Sullivan ("Sullivan") purchased the residential real property located at 11503 Old Lottsford Road in Mitchellville, Maryland (the "Property") from Jamil Ali Hameed and Errika Hameed (collectively, the "Sellers") for four hundred and eighty thousand dollars ($480,000).

12. In connection therewith, Sullivan obtained two (2) deeds of trust from Fremont Investment and Loan ("Fremont") which were to have first and second priority interests in the Property.

13. FiServ was retained as the settlement agent for closing on the sale of the Property to Sullivan.

14. In connection with the closing, FiServ did a title search on the Property. FiServ did not run a federal courts search or a bankruptcy search on the Sellers.

15. The title search revealed a Deed of Trust by the Sellers in favor of Prima Builders, Inc. ("Prima") dated June 13, 1997 in the original principal amount of $86,550.00 recorded among the land records of Prince George's County at Liber 11498, Folio 229 (the "Deed of Trust").

16. In connection therewith, FiServ, on behalf of Ticor, issued title commitments to Sullivan and Fremont. The title commitment provided that the Deed of Trust in favor of Prima was to be satisfied at closing.

17. In addition, the closing instructions provided to FiServ by Fremont provided that the Prima Deed of Trust was to be satisfied at closing to ensure that Fremont was in a first and second priority position in the Property.

18. FiServ did not contact Prima to obtain a payoff for the Deed of Trust. Instead, FiServ purportedly relied on a letter dated September 2, 2004 from Mr. Richard Gins ("Gins"), the Sellers' attorney to the Sellers advising that the payoff for the Prima obligation was $87,750.00 inclusive of interest. A copy of the September 2, 2004 letter is attached hereto as EXHIBIT 2 and incorporated by reference herein.

19. The September 2, 2004 letter further requested that the Prima payoff be sent to Gins and that he would remit the $87,750 to Prima. *See* EXHIBIT 2.

20. FiServ never contacted Prima to verify the payoff of its loan or that Gins, as Sellers' attorney, had the authority to also act for Prima.

21. Closing occurred on or about November 10, 2004.

22. At closing, FiServ wired $96,525.00 to Gins allegedly representing the payoff to Prima. *See* HUD-1 and Outgoing Wire Transfer. A true and correct copy of the HUD-1 Settlement Statement (the "HUD") from the closing evidencing the alleged payoff to Prima is attached hereto as EXHIBIT 3 and incorporated by reference herein. A true and correct copy of the Outgoing Wire Transfer is attached hereto as EXHIBIT 4 and incorporated by reference herein.

23. At no point prior to the closing did FiServ contact Prima to request a payoff or inform Prima of the sale of the Property to Sullivan.

24. At no point prior to the closing did FiServ contact Prima about obtaining a release of the Deed of Trust.

25. After closing, upon information and belief, the $96,525 was remitted to the Sellers.

26. Prima never received the $96,525 wired to Gins. In addition, Prima was never advised that the Property was sold to Sullivan.

### The Prima Foreclosure Proceeding

27. Neither the $87,750 payoff figure referenced in the September 2, 2004 letter nor the $96,525 remitted to Gins allegedly on behalf of Prima was the correct payoff figure.

28. In actuality, Prima was owed more than $100,000 more than the payoff figure allegedly provided by Gins.

29. The Prima Deed of Trust was never released.

30. In June 2006, Prima (having not been paid at closing), docketed a foreclosure against the Property. As of the time of the foreclosure, Prima was owed in excess of $200,000 under the Deed of Trust.

31. Sullivan and Fremont (via its assignee Select Portfolio Servicing, Inc.) submitted title claims to Ticor as a result of the foreclosure being docketed against the Property.

32. Because the Deed of Trust was a valid obligation that was never released, Ticor did not have any grounds to enjoin the foreclosure.

33. In July 2006, in order to protect the rights of its insureds Sullivan and Fremont, Ticor entered into a settlement with Prima. Prima sold its loan to Ticor for $122,500.00. A true and correct copy of the Assignment of Note and Beneficial Interest in Deed of Trust and settlement check for $122,500 are attached hereto collectively as EXHIBIT 5 and incorporated by reference herein.

### COUNT I
### (Breach of the Agency Agreement)

34. Paragraphs 1 through 33 are incorporated by reference into this count as if fully set forth herein.

35. In connection with the closing and its action taken after the closing, FiServ breached the Agency Agreement by, among other things, (a) failure to contact Prima and obtain a correct payoff figure; (b) failure to satisfy the Deed of Trust in favor of Prima; (c) improperly disbursing the sale proceeds to the Sellers' attorney instead of Prima; (d) failure to comply with Fremont's closing instructions and satisfy the Prima Deed of Trust to ensure that Fremont was in a first and second position on the Property; (e) failure to procure a release from Prima with respect to the Deed of Trust on the Property.

36. Ticor has performed all conditions and covenants, if any, required under the Agency Agreement.

WHEREFORE, Ticor requests that this Court:

(a) Enter judgment in his favor and against FiServ for compensatory damages in an amount to be determined at trial, together with pre-judgment interest, attorneys' fees and costs of suit; and

(b) Grant such other and further relief as is just and appropriate under the circumstances.

## COUNT II
### (Negligence)

37. Paragraphs 1 through 36 are incorporated by reference into this count as if fully set forth herein.

38. As a licensed title agent in the State of Maryland, FiServ owed a duty to Ticor to comply with the Agency Agreement and applicable law in conducting the closing and issuing title insurance to Sullivan and Fremont.

39. In connection with the closing and its actions taken after the closing, FiServ has breached the standard of care, including without limitation, by its (a) failure to contact Prima and

obtain a correct payoff figure; (b) failure to satisfy the Deed of Trust in favor of Prima; (c) improperly disbursing the sale proceeds to the Sellers' attorney instead of Prima; (d) failure to comply with Fremont's closing instructions and satisfy the Prima Deed of Trust to ensure that Fremont was in a first and second position on the Property; (e) failure to procure a release from Prima with respect to the Deed of Trust on the Property.

40. Ticor has suffered damages as the direct and proximate result of FiServ's failure to observe the standard of care for title agents in the State of Maryland by among other things, (a) being subjected to title claims submitted by Sullivan and Fremont for total loss under their title policies as a direct result of the actions taken by FiServ in connection with the closing and Prima foreclosure proceeding; (b) satisfying the Deed of Trust in favor of Prima on the Property through the settlement orchestrated in connection with the Prima foreclosure proceeding; and (c) suffering significant legal and other expenses.

WHEREFORE, Ticor requests that this Court:

(a) Enter judgment in favor of Ticor and against FiServ for compensatory damages in an amount to be determined at trial, together with pre-judgment interest, attorneys' fees and costs of suit; and

(b) Grant such other and further relief as is just and appropriate under the circumstances.

## COUNT III
### (Indemnification)

41. Paragraphs 1 through 40 are incorporated by reference into this count as if fully set forth herein.

42. Pursuant to the Agency Agreement, FiServ shall be responsible to Ticor for all loss, cost or damage, including attorneys' fees caused by, among other things: "(D) Any

improper closing or attempted closing by [FiServ], including, but not limited to, (1) loss or misappropriation of customer funds, documents or other things of value entrusted to Agent in any custodial or fiduciary capacity resulting in loss to [Ticor]; (2) failure to disburse property or close in accordance with escrow or closing instructions...." *See* Agency Agreement at Section 6(D).

43. As a direct result of the actions taken by FiServ in connection with the closing, Ticor, among other things, (a) was subjected to title claims from Sullivan and Fremont, (b) was forced to satisfy the Deed of Trust in favor of Prima to avoid a foreclosure against the Property and (c) suffered significant legal and other expenses.

44. FiServ is obligated to indemnify Ticor for any and all damages that Ticor has suffered. In addition, FiServ is obligated to indemnify Ticor for its costs, expenses and attorneys' fees incurred in connection with the title claims submitted by Sullivan and Fremont, in resolving the claims by negotiating a settlement with Prima and in connection with the prosecution of this lawsuit against FiServ.

45. FiServ's duty to indemnify Ticor arises from contract law, the Agency Agreement, principles of unjust enrichment and principles of common law indemnification.

WHEREFORE, Ticor requests that this Court:

(a) Award Ticor as indemnitee, any amount for which Ticor has expended to resolve the title claims submitted by Sullivan and Fremont and in negotiating a settlement with Prima;

(b) Award Ticor its costs, expenses and attorneys' fees incurred in connection therewith; and

(c) Grant such other and further relief as is just and appropriate under the circumstances.

November 9, 2007

Respectfully submitted,

_____
Richard M. Kremen (Bar No. 00532)
Richard.kremen@dlapiper.com
Jodie E. Buchman (Bar No. 26004)
Jodie.buchman@dlapiper.com
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209
(410) 580-3000

Attorneys for Plaintiff Ticor Title Insurance Company f/k/a American Pioneer Title Insurance Company